**STOWE WOODWARD, L.L.C., Plaintiff,**

v.

**SENSOR PRODUCTS, INC., Defendant.**

No. CIV.A.5:04 CV 00001.

United States District Court,
W.D. Virginia.
Harrisonburg Division.

Sept. 7, 2005.

Daniel Leroy Fitch, Wharton, Aldhizer & Weaver, PLC, Harrisonburg, VA, for Plaintiff.

David A. Penrod, Hoover Hoover Davenport Crist, Harrisonburg, VA, for Defendant.

## MEMORANDUM OPINION

CONRAD, District Judge.

This case is presently before the court on the plaintiff's motion to dismiss the defendant's defense of inequitable conduct. For the reasons that follow, the court will grant the plaintiff's motion. However, the defendant may seek leave to amend its answers pursuant to Federal Rule of Civil Procedure 15(a).

### Facts and Procedural Background

In the first of two patent infringement cases brought by plaintiff Stowe Woodward, L.L.C. ("Stowe"), against defendant Sensor Products, Inc. ("SPI"), the defendant filed an answer stating three defenses: (1) failure to state a claim; (2) invalidity, voidness, and unenforceability of the patent; and (3) non-infringement. Plaintiff Stowe brought this first case with respect to United States Patent No. 6,568,285 ("the '285 patent"), which was issued to Stowe on May 23, 2003 for its *Nip Width Sensing System and Method.* The case was docketed as civil action 5:04CV00001 on January 8, 2004.

On August 3, 2004, United States Patent No. 6,769,314 ("the '314 patent") was issued to Stowe, and Stowe then instituted a second suit for infringement of the '314 patent, which was docketed as civil action 5:04CV00079 on September 14, 2004. The two cases were consolidated on November 8, 2004. In its answer to the plaintiff's complaint for infringement of the '314 patent, defendant SPI asserted identical defenses to those asserted in the case of the '285 patent, and added a defense of inequitable conduct. This defense stated that:

> The patent asserted by plaintiff is unenforceable in that the patentee, inventors, and/or other individuals responsible for and/or associated with the prosecution of the patent application committed inequitable conduct during the prosecution of the patent asserted and related patents by failing to disclose known material prior art to the United States Patent and Trademark Office including, at least, U.S. Patent No. 5,583,303, actions taken by foreign patent offices, and/or industry publications or products, including at least those of Interlink, and, upon information and belief, by doing so with intent to deceive.

This defense, asserted for the first time on October 28, 2004, forms the basis of the court's present inquiry.

In Interrogatory 16, Stowe requested that SPI:

> describe in detail the factual and legal bases for the belief or contention of unenforceability, including: each act contended to constitute inequitable conduct; the identity of each person who took such action or failed to take such action; the date on which said person took such action or failed to take such action; the basis upon and all reasons which SPI contends that such action taken with an intent to mislead the United States Patent and Trademark Office or such action was not performed

with the intention of misleading the United States Patent and Trademark Office; and the identity of all documents relating thereto and all individuals having knowledge thereof.

SPI responded by identifying its filed answers as well as "all undisclosed prior art supplied by Stowe" in thousands of pages of discovery materials. SPI also repeated the assertions made in its answer that the actions comprising inequitable conduct taken by Stowe included "at least, U.S. Patent No. 5,583,303, actions taken by foreign patent offices, and/or industry publications or products, including at least those of Interlink, and, upon information and belief, by doing so with intent to deceive." SPI identified Robert Moore, James Cannon, William Kennedy, and William Butterfield as individuals who may have been responsible for inequitable conduct before the Patent Office. On the basis of these responses, Stowe requests that the court dismiss SPI's inequitable conduct defense in regard to both the '285 patent and the '314 patent, pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that SPI's answer failed to plead the inequitable conduct defense with adequate particularity.

### Discussion

### A. The Standard of Pleading for Inequitable Conduct

■ The preliminary issue for consideration is whether the defense of inequitable conduct must be pled with a higher degree of particularity than other defenses. Federal Rule of Civil Procedure 9(b) applies to all allegations of fraud and requires that such allegations be stated with particularity. Some minor disagreement exists among district courts as to whether inequitable conduct must be pled with the heightened pleading requirements applicable to allegations of fraud. However, the majority of district courts have held that the heightened pleading requirements of Rule 9(b) do apply to claims of inequitable conduct.[1]

---

1. *MedImmune, Inc. v. Centocor, Inc.*, 271 F.Supp.2d 762, 772 (D.Md.2003); *The Wicker Group v. The Standard Register Co., Inc.*, 33 U.S.P.Q.2d 1678, 1679, 1994 WL 761244 (E.D.Va.1994); *Depuy, Inc. v. Zimmer Holdings, Inc.*, 343 F.Supp.2d 675, 683 (N.D.Ill.2004); *Rhone–Poulenc Agro S.A. v. Monsanto Co.*, 73 F.Supp.2d 537, 538 (M.D.N.C.1999); *Systema-*

*tion, Inc. v. Engel Indus., Inc.*, 183 F.R.D. 49, 51 (D.Mass.1998); *Chiron Corp. v. Abbott Laboratories*, 156 F.R.D. 219, 220–21 (N.D.Cal.1994); *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 178 (E.D.N.Y.1988). *But see Quantum Corp. v. Western Digital Corp.*, 10 U.S.P.Q.2d 1712, 1713, 1988 WL 391517 (N.D.Cal.1988) (holding that inequitable conduct before the Patent Office

Although the Federal Circuit has not specifically addressed whether Rule 9(b) applies to the inequitable conduct defense, in upholding the decision of a district court in the Fifth Circuit, the Federal Circuit noted in dicta that while inequitable conduct is a broader concept than fraud, it must nevertheless be "pled with particularity." *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc., v. Mega Systs., LLC*, 350 F.3d 1327, 1344 (Fed.Cir.2003). The Court upheld the district court's decision to decline to address the alleged inequitable conduct defense on the grounds that it was not properly pled. *Id.*

■ The heightened pleading requirements of Rule 9(b) are meant to "deter the filing of charges of fraud as a pretext for discovery of unknown wrongs." *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 178 (E.D.N.Y.1988). This deterrent purpose is commensurate with the Federal Circuit's demonstrated antipathy towards the defense of inequitable conduct, which was enunciated in rather telling terms in *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418 (Fed.Cir. 1988).[2] Mindful of this purpose and the precedent established by our sister courts, this court concludes that the heightened pleading requirements of Rule 9(b) apply to defenses of inequitable conduct.

■ Thus, SPI should have pled with particularity the circumstances constituting the alleged inequitable conduct, including "the time, place, and contents of the inequitable conduct, as well as the identity of the parties responsible for the inequitable conduct." *MedImmune, Inc. v. Centocor, Inc.*, 271 F.Supp.2d 762, 772 (D.Md.2003) (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir.1999)). Utilization of Fourth Circuit law regarding what constitutes particularity in pleading fraud is appropriate. The Federal Circuit "review[s] procedural matters, that are not unique to

patent issues, under the law of the particular regional circuit court where appeals from the district court would normally lie." *Panduit Corp. v. All States Plastic Mfg., Inc.*, 744 F.2d 1564, 1574–75 (Fed.Cir.1984). The requirements of particularity under Rule 9(b) are not unique to patent issues. Consequently, the court must now consider whether SPI's pleadings complied with these prerequisites.

## B. Application of the Standard to SPI's Defense

As outlined above, in its October 28th answer, SPI first asserted its defense that the '314 patent was unenforceable due to inequitable conduct in the prosecution of the patent. In this inequitable conduct defense, SPI alleged unenforceability on the grounds that Stowe failed to disclose certain known material prior art. SPI listed three pieces of undisclosed prior art: "US Patent No. 5,583,-303, actions taken by foreign patent offices, and/or industry publications or products, including at least those of Interlink." The parties dispute whether SPI's allegations were sufficient to comply with the heightened pleading requirements of Rule 9(b). The parties further disagree as to whether the defense of inequitable conduct may be applied to the '285 patent, even though it was not pled in SPI's answer to that suit. The court finds that the pleadings do not meet the requirements under Rule 9(b), but that leave to amend should be granted to allow SPI to comply with the pleading requirements.

■ The heightened pleading standard requires that a party allege the time, place, and contents that underlie the inequitable conduct. SPI contends that it has specified the identity of the parties responsible as "the patentee, inventors, and/or other individuals

---

"does not give rise to the level of common law fraud which is the subject of Rule 9(b)"); *XILINX, Inc. v. Altera Corp.*, 33 U.S.P.Q.2d 1149, 1151, 1993 WL 767688 (N.D.Cal.1993) (questioning why the *Quantum* court ruled contrary to significant precedent on the inequitable conduct issue); *Rentrop v. The Spectranetics Corp.*, 2004 WL 1243608, at *2 (S.D.N.Y. June 4, 2004) (holding that the Rule 9(b) requirements may not apply in all cases of inequitable conduct, *e.g.*, in

those involving theft of trade secrets rather than fraud on the Patent Office).

2. "[T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague.... A patent litigant should be made to feel, therefore, that an unsupported charge of 'inequitable conduct in the Patent Office' is a negative contribution to the rightful administration of justice." *Id.* at 1422.

responsible for and/or associated with the prosecution of the patent application." The defendant further asserts that it has properly identified the "what" that was not disclosed to the Patent Office: (1) U.S. Patent No. 5,583,303; (2) actions taken by foreign patent offices; and/or (3) industry publications or products, including those of Interlink. SPI also notes that its answer did allege the time and place of the failure to disclose as "during the prosecution of the patent asserted and related patents." Thus, the defendant concludes that it has met the particularity requirements of Rule 9(b). Although SPI has pled several facets of the claim with sufficient particularity, it has not completely fulfilled the requirements of heightened pleading.

A number of cases have addressed the issue of whether inequitable conduct has been pled with sufficient particularity with respect to various pleadings. In *EMC Corp. v. Storage Tech. Corp.*, the Court ruled that the plaintiff had failed to plead with particularity the allegations of inequitable conduct contained in its answer to the defendant's counterclaim. 921 F.Supp. 1261 (D.Del. 1996). In doing so, the Court applied Third Circuit law regarding the specific pleading provisions of Rule 9(b), which does not require the complaint to allege the date, time, or place of the inequitable conduct, "provided the complaint gives the defendants notice of the precise misconduct alleged." *Id.* at 1263. The plaintiff had alleged only that the defendant failed to disclose material prior art and that the defendant made a "misrepresentation" regarding the development of the alleged invention within a certain time period. The Court found that "[a]t a minimum, EMC should have disclosed the relevant prior art." *Id.* A later Delaware case held that mere disclosure of the name of the allegedly withheld prior art and the acts of the alleged fraud was sufficient to fulfill the Rule 9(b) requirements. *TruePosition, Inc. v. Allen Telecom, Inc.*, 2003 WL 151227, at *5 (D.Del. Jan. 21, 2003). These cases, although not controlling upon this court, demonstrate that the heightened pleading requirements of Rule 9(b) should be tempered, as SPI suggests, by the "short and plain statement" mandate of Federal Rule of Civil Procedure 8. *See, e.g., Adkins v. Crown Auto, Inc.*, 2005 WL 1799728, at *3 (W.D.Va. July 27, 2005);

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1278 (C.A.D.C.1994).

The District of Maryland has also applied the time, place, and contents requirements of heightened pleading and concluded that a defense of inequitable conduct that indicated the conduct occurred "during prosecution before the PTO," the "Applicants" were the responsible parties, and a certain publication was the undisclosed prior art, satisfied the particularity threshold. *MedImmune, Inc. v. Centocor, Inc.*, 271 F.Supp.2d 762, 772 (D.Md.2003). The court further noted that "Rule 9(b) allows intent to deceive to be averred generally." *Id.*

In its defense, SPI alleged that "the patentee, inventors, and/or other individuals" were the parties responsible for the inequitable conduct, the conduct occurred "during the prosecution of the patent," and the conduct occurred before the United States Patent and Trademark Office. These allegations give Stowe sufficient notice of the allegations such that Stowe may adequately identify the people, places, and dates that are implicated in the defense. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir.1999) (identifying the primary purpose for Rule 9(b) as "ensur[ing] that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of").

More problematic are SPI's allegations of the contents of the inequitable conduct. SPI identified the relevant contents as including one patent that was undisclosed material prior art, and "actions taken by foreign patent offices, and/or industry publications or products, including at least those of Interlink," which Stowe also allegedly failed to disclose. Stowe contends that SPI's identification of "actions taken by foreign patent offices" is particularly vague in that it fails to identify the actions in question, what foreign patent offices were involved, when the actions were allegedly taken, or what patent or patents the alleged actions implicated. Stowe also argues that SPI's identification of industry publications or products, including those of Interlink, does not meet the requirements of Rule 9(b) in that it fails to identify the particular publications or even the relevant indus-

try. Thus, Stowe concludes that SPI's pleading has failed to provide adequate notice of its allegations or to provide Stowe with sufficient information to formulate a defense to those allegations. The court agrees that SPI must offer more explicit identification of at least the "actions taken by foreign patent offices, and/or industry publications or products, including at least those of Interlink."

Although the court agrees that the naming of U.S. Patent No. 5,583,303, standing alone, would be sufficient to fulfill the heightened pleading requirements, the defense must be considered as a whole. Parties may not draw in a series of unspecified allegations on the coattails of a single particularized allegation. The purposes of Rule 9(b) require that all components of a fraud claim be alleged with particularity.

SPI's reliance on *MedImmune* as a source of support for its contention that SPI's pleadings are sufficient as presented is misplaced. The *MedImmune* court reluctantly allowed that the pleading in that case technically satisfied Rule 9(b), but requested that the plaintiff elaborate on the factual support for its inequitable conduct claim, if possible, in its Second Amended Complaint. 271 F.Supp.2d, at 772. In an additional ten pages, the plaintiff alleged facts supporting its claim of inequitable conduct. Although the level of detail MedImmune eventually provided is surely unnecessary even under the strictest reading of the Rule 9(b) standards, SPI's initial allegations did not rise to the same level of "technical satisfaction" as the allegations in *MedImmune*. SPI's allegations do not sufficiently reveal the nature of the actions by foreign patent offices, or the industry products or publications.

### 1. The Role of Interrogatories

■ Interrogatories may be used to clarify assertions that have otherwise been pled with adequate specificity. They may not be used as supplements to fulfill the particularity requirements of Rule 9(b). *See EMC Corp. v. Storage Tech. Corp.*, 921 F.Supp. 1261, 1263–64 (D.Del.1996). SPI's pleadings regarding the charge of inequitable conduct do not fulfill the more demanding requirements of Rule 9(b), and therefore, the interrogatory responses may not be used to enhance the deficient pleadings.

SPI states that its answer to Interrogatory 16 provides even greater detail of its inequitable conduct defense. In support of its argument that interrogatory responses may be considered for the purpose of understanding an allegation of inequitable conduct, SPI cites *Scripps Clinic & Research Found. v. Baxter Travenol Labs., Inc.*, 1988 WL 22602, at *3 (D.Del. Mar.9, 1988). However, the defendant in *Scripps* used its interrogatory responses to explain its failure to cite to any specific prior art in its original motions by showing through the interrogatory responses that the plaintiff had disclosed *no* prior art to the Patent Office. *Id.* As explained above, an interrogatory response may not be used to bolster an inadequate pleading. *See Sun–Flex Co., Inc. v. Softview Computer Prods., Corp.*, 750 F.Supp. 962, 964 (N.D.Ill.1990) (holding that "material outside the pleadings is not considered on a motion to strike").

### 2. Removal of Vague Language

■ Although the pleadings as to the foreign patent office actions and industry publications and products are too broad and therefore inconsistent with the pleading requirements of Rule 9(b), the possibility remains that the court may strike the pleadings under Rule 12(f). Fed.R.Civ.P. 12(f). Such a course of action was undertaken in *Safe Bed Techs., Co. v. KCI USA, Inc.*, 2003 WL 21183948, at *3 (N.D.Ill. May 20, 2003). The court determined that certain ambiguous words in the defendant's pleading of inequitable conduct should be excised from the pleadings because they failed to meet the requirements of Rule 9(b). *Id.* (citing *Videojet Sys. Int'l, Inc. v. Inkjet, Inc.*, 1997 WL 124259, at *4–5 (N.D.Ill. Mar. 17, 1997), for the proposition that the words "at least" could be stricken because they failed to specifically allege the contents of the omissions). The Illinois court allowed the defense to go forward, but struck the following vague language from the defendant's claim: "patents owned," "such as," and "other material prior art." *Id.*

This court is disinclined to read Rule 12(f) in the same fashion. The language of Rule 12(f) suggests that a court may only order an insufficiently pled defense stricken as a

whole, the Rule does not indicate that the court should undertake to remove those portions of a pleading that are inconsistent with the pleading requirements established in Rules 8 or 9(b) in order to preserve the remainder of the pleading.

### C. Leave to Amend

In granting this motion to dismiss, the court also considers SPI's contention that even if the court finds that SPI has not met the pleading requirements for either or both patents, it should be permitted to amend its answers accordingly. Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading by leave of court, which shall be freely given when justice so requires. The United States Court of Appeals for the Fourth Circuit interprets this standard to mean that leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *Nolte v. Capital One Financial Corp.*, 390 F.3d 311 (4th Cir.2004); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir.1986). It is common practice to permit a party that has failed to satisfy the particularity requirements of Rule 9(b) to amend its pleadings accordingly. *See Rhone–Poulenc Agro S.A. v. Monsanto Co.*, 73 F.Supp.2d 537, 539–40 (M.D.N.C.1999); *MercExchange, L.L.C. v. eBay, Inc.*, 271 F.Supp.2d 784 (E.D.Va.2002). The Middle District of North Carolina found an allegation of inequitable conduct deficient under the enhanced pleading requirements of Rule 9(b), but granted the defendant, who had not acted in bad faith or with an intent to cause delay, leave to amend its answer and counterclaim. *Point DX Inc. v. Voxar Ltd.*, 2002 WL 31189696, at *3 (M.D.N.C. Sept.20, 2002). Therefore, SPI may petition the court for leave to amend.

One final issue to be addressed is whether any such amendment will apply to both patents or just the '314 patent, as originally pled. SPI contends that the defense should apply to both the '314 patent and the '285 patent. Stowe notes that counsel for SPI have indicated that the defendant believes its allegations encompass the '285 patent and has sought to depose Stowe's patent attorney to discuss the prosecution of both claims.

Stowe contends that SPI has failed to raise an inequitable conduct defense in its answer to the complaint concerning the '285 patent and therefore should not be permitted to engage in discovery regarding such conduct in the prosecution of the '285 patent. *See ResQNet.Com. Inc. v. Lansa, Inc.*, 2004 WL 1627170 (S.D.N.Y. July 21, 2004) (holding that a party may not take discovery on an inequitable conduct defense when it is not specifically pled and that such a defense would not be inferred when the party reserves the right to raise additional, unspecified affirmative defenses).

SPI responds that in its answer to the complaint regarding the '285 patent, it did allege that the patent was "invalid, void, and unenforceable under the provisions of the U.S. Patent Act." SPI contends that its answer to the second complaint regarding the '314 patent specifically clarified the defense of unenforceability by laying out its claim of inequitable conduct. SPI notes that the two causes of action have now been consolidated, albeit after it filed both answers, and that the consolidated pleadings apply to both patents. SPI also cites the language in its answer to the complaint in regard to the '314 patent which alleged that certain persons had committed inequitable conduct "during the prosecution of the patent asserted *and related patents.*" (emphasis added).

SPI further claims that the '314 patent is a divisional application of the '285 patent and, in fact, that the '285 patent is currently the only related patent to the '314 patent. A divisional application is a "later application for a distinct or independent invention, carved out of a pending application and claiming only subject matter disclosed in the earlier or parent application." U.S. Patent and Trademark Office, Manual of Patent Examining Procedure, § 201.06 (8th ed. rev. 2001). Thus, SPI asserts that the language in its pleading encompassed both patents. Stowe contends that the only patent specifically mentioned in SPI's answer is the '314 patent and that SPI simply failed to plead an inequitable conduct defense in its first answer with regard to the '285 patent.

■ The question as to whether the court should allow SPI to plead its defense only as

to the '314 patent or as to both the '314 and '285 patents can be resolved in part by reference to the language of the Fourth Circuit in *Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc.*:

> Although consolidation "is permitted as a matter of convenience and economy in administration, [it] ... does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."

271 F.3d 164, 168 (4th Cir.2001) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 77 L.Ed. 1331 (1933)). In granting the motion to consolidate these cases for all purposes, this court did not merge the pleadings as to the '285 patent with those regarding the '314 patent. Consequently, the defense of inequitable conduct currently applies only to the '314 patent. However, if SPI seeks leave to amend its answer to include the defense of inequitable conduct as to the '285 patent, the court will be inclined to grant it for the reasons given in *MercExchange, L.L.C. v. eBay, Inc.*, 271 F.Supp.2d 784 (E.D.Va.2002) (no undue delay, bad faith, or dilatory motive on the movant's part, and no undue prejudice to the opposing party).

While reserving judgment on whether the '314 patent is a divisional application of the '285 patent, the court finds that Stowe had sufficient notice of the relatedness of these two cases to foreclose any argument of undue prejudice. *See also Elan Corp., PLC v. Andrx Pharm., Inc.*, 272 F.Supp.2d 1325, 1332 (S.D.Fla.2002) (allowing amendment of pleadings in consolidated cases to add a counterclaim alleging unenforceability on the basis of inequitable conduct as to the first case filed when the defense had originally been asserted only in the second case).

**D. Conclusion**

Claims of inequitable conduct are governed by the heightened pleading provisions of Rule 9(b), and therefore must be pled with particularity. The degree of particularity required is that which will give the opposing party sufficient notice to prepare an appropriate response. In particular, the party asserting the claim of inequitable conduct must provide the time, place, and contents of the inequitable conduct, in addition to the identities of those involved in the conduct. Each of these factors must be pled with particularity.

SPI has not given Stowe sufficient detail regarding the contents of its defense. The language "actions taken by foreign patent offices, and/or industry publications or products, including at least those of Interlink," is too vague to provide meaningful guidance to Stowe in formulating its response. Although SPI did provide Stowe with a specific patent number in its allegation that Stowe failed to disclose material prior art to the Patent Office, SPI did not go far enough in describing the actions taken by foreign patent offices and industry publications or products.

For the foregoing reasons, the plaintiff's motion to dismiss the defendant's defense of inequitable conduct will be granted. However, the defendant is free to seek leave to amend its answers to conform to the requirements of Rule 9(b) with respect to its defense of inequitable conduct.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.